SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
EDGARD FEIJOO,

                      Plaintiff,

      -against-

SEAWOLF CONSTRUCTION CORP.,

                      Defendant.
---------------------------------------------------------------X

Index No.: 20300/2016

**SUMMONS**

Plaintiff designates Bronx
County as the place of trial.
The basis of the venue is
Pursuant to C.P.L.R 503(a)

To the above-named defendants:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete, if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:      New York, New York
              December 29, 2015

                                                  Yours, etc.,

                                                  Douglas A. Milch, Esq.
                                                  WINGATE, RUSSOTTI, SHAPIRO &
                                                  HALPERIN, LLP
                                                  Attorneys for Plaintiff
                                                  420 Lexington Avenue, Suite 2750
                                                  York, NY 10170
                                                  (212) 986-7353

TO:     SEAWOLF CONSTRUCTION CORP.
           769 Montgomery Street
           Jersey City, New Jersey 07306

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
EDGARD FEIJOO,

                 Plaintiff,

-against-

SEAWOLF CONSTRUCTION CORP.,

                 Defendant.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 30300/2016E

Plaintiff, by his attorneys, WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP, complaining of the defendant herein, respectfully shows to this Court, and alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF EDGARD FEIJOO

1. That at all times mentioned herein, the defendant, SEAWOLF CONSTRUCTION CORP., is was and has a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with principal place of business at 769 Montgomery Street, Jersey City, New Jersey 07306.

2. That at all times mentioned herein, the defendant, SEAWOLF CONSTRUCTION CORP., is, was and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

3. That at all times mentioned herein the defendant, SEAWOLF CONSTRUCTION CORP., is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

4. That at all times mentioned herein, the defendant, SEAWOLF CONSTRUCTION CORP., transacted business within the State of New York; regularly did or solicited business within

2

the State of New York or engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

5. That at all times mentioned herein, the defendant, SEAWOLF CONSTRUCTION CORP., was the General Contractor at a construction site located at 2094 Albany Road, Montrose, New York.

6. At all times hereinafter mentioned, the Defendant, SEAWOLF CONSTRUCTION CORP., its agents, servants and/or employees operated the aforesaid premises/construction site located at 2094 Albany Road, Montrose, State of New York.

7. At all times hereinafter mentioned, the Defendant, SEAWOLF CONSTRUCTION CORP., its agents, servants and/or employees managed the aforesaid premises/construction site located at 2094 Albany Road, Montrose, New York.

8. At all times hereinafter mentioned, the Defendant SEAWOLF CONSTRUCTION CORP., its agents, servants and/or employees maintained the aforesaid premises/construction site located at 2094 Albany Road, Montrose, New York.

9. At all times hereinafter mentioned, the Defendant, SEAWOLF CONSTRUCTION CORP., its agents, servants and/or employees controlled the aforesaid premises/construction site located at 2094 Albany Road, Montrose, New York.

10. At all times hereinafter mentioned, the Defendant, SEAWOLF CONSTRUCTION CORP, its agents, servants and/or employees supervised the aforesaid premises/construction site located at 2094 Albany Road, Montrose, New York.

11. At all times hereinafter mentioned, the Defendant, SEAWOLF CONSTRUCTION CORP., its agents, servants and/or employees hired contractors and/or sub-contractors to perform construction work at the aforesaid premises/construction site located at 2094 Albany Road, Montrose, New York.

12. At all times hereinafter mentioned, the Defendant, SEAWOLF CONSTRUCTION CORP., its agents, servants and/or employees directed, controlled, and supervised the construction taking place at the aforesaid premises/construction site located at 2094 Albany Road, Montrose, New York.

13. That at all times hereinafter mentioned and upon information and belief, Defendant SEAWOLF CONSTRUCTION CORP., was performing work at a building and structure at the aforesaid premises/construction site located at 2094 Albany Road, Montrose, New York.

14. That at all times hereinafter mentioned and upon information and belief, Defendant, SEAWOLF CONSTRUCTION CORP. was acting as the general contractor, construction manager and/or a contractor providing certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the at the aforesaid premises/construction site located at 2094 Albany Road, Montrose, New York.

15. That at all times hereinafter mentioned and upon information and belief, Defendant, SEAWOLF CONSTRUCTION CORP., was performing work at the premises located at 2094 Albany Road, Montrose, New York.

16. That at all times mentioned herein, and on or prior to October 30, 2015, the Defendant, SEAWOLF CONSTRUCTION CORP. their agents, servants, associates and/or employees. were performing construction, demolition, repair, alteration, and/or rehabilitation work,

4

labor and/or services, at the premises/construction site located at 2094 Albany Road, Montrose, New York.

17. That at all times mentioned herein, an on or prior to October 30, 2015, construction and/or renovation and/or repair work and/or demolition work was underway at the premises/construction site as aforesaid.

18. Plaintiff asserts an exemption from the abolition of joint and several liability pursuant to Article 16 of the C.P.L.R.

19. That at all times mentioned herein the Plaintiff, EDGARD FEIJOO was employed by S&M Enterprise of New Jersey and was performing his work at the construction site as aforesaid.

20. That on or about October 30, 2015, while acting within the scope of his employment at the construction site as aforesaid, the Plaintiff, EDGARD FEIJOO was caused to fall from a defective and/or improperly secured ladder and was caused to sustain serious and permanent injuries.

21. That the above occurrence was caused solely by and through the negligence of the Defendant herein, without any negligence on the part of the Plaintiff contributing thereto.

22. That the Defendant, SEAWOLF CONSTRUCTION CORP., had both actual and constructive notice of the dangerous and defective conditions and practices complained of herein.

23. That the Defendant, SEAWOLF CONSTRUCTION CORP., its agents, servants associates and/or employees were negligent, careless and reckless, in that it:

    a) Negligently, carelessly and recklessly, failed and omitted to properly construct, shore, equip, guard, arrange, operate and conduct the construction, installation, renovation, repair activities at the construction site as aforesaid, so as to

provide reasonable and adequate protection and safety to the persons so employed therein, and more particularly to the Plaintiff herein;

b) Failed and omitted to provide the Plaintiff with a safe place to work;

c) Failed and omitted to provide the Plaintiff and the workers at the construction site thereat, with adequate, ample and proper ladders, scaffolding, ropes, harnesses and hoists so as to perform their labor;

d) Failed and omitted to insure that the working areas within the premises/construction site of the construction site as aforesaid were kept free of hazardous and dangerous conditions;

e) Failed and omitted to provide the Plaintiff with a proper rope, hoist and/or, ladders;

f) Failed to properly secure the subject ladder;

g) Failed and omitted to properly inspect the construction site as aforesaid;

h) Failed and omitted to properly and adequately coordinate the construction activities at the construction site as aforesaid so as to prevent the various trades from interfering with one another;

i) Failed and omitted to construct and/or install barricades and/or other warnings so as to apprise workers, and more particularly the Plaintiff herein, of the dangerous conditions existing thereat;

j) Failed and omitted to comply with Section 200 of the Labor Law of the State of New York;

k) Failed and omitted to comply with Section 240 of the Labor Law of the State of New York;



6

l) Failed and omitted to comply with Section 241 of the Labor Law of the State of New York;

m) Failed and omitted to properly secure the ladder so that Plaintiff could perform his labor in a safe environment;

n) Failed and omitted to keep the ladder and elevated work areas free of debris and other material;

o) Failed and omitted to provide the Plaintiff with adequate lifting devices;

p) Negligently, carelessly and recklessly failed and omitted to provide the Plaintiff with an adequate and safe means to perform his duties;

q) Negligently, carelessly and recklessly, failed and omitted to provide the Plaintiff with the proper tools to perform his duties; and

r) Was otherwise negligent, careless and reckless.

That as a result of the negligence of the Defendant, the Plaintiff, became, still is and for a long time to come, will be injured, disabled, sick, sore, lame, bruised, and wounded in and about the various parts of his head, limbs, body, blood vessels and surrounding tissues, and has suffered severe and extreme physical and mental shock, anguish and psychic injuries, and that Plaintiff was otherwise injured, and upon information and belief, said injuries are permanent. That by reason of the foregoing, the Plaintiff was obligated to and did necessarily employ medical aid, hospital services, medicinals and medical supplies in an attempt to cure the aforesaid injuries, and has been prevented from his/her usual duties and will be so prevented for a long time to come.

24. That by reason of the foregoing, the Plaintiff, EDGARD FEIJOO has, been damaged in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.



## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, EDGARD FEIJOO
## BASED UPON A THEORY OF STATUTORY LIABILITY

25. That the Plaintiff, EDGARD FEIJOO, repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "24" with the same force and effect as though each and every allegation were set forth more fully herein at length below.

26. That at all times mentioned herein, and on October 30, 2015, Section 200 of the Labor law of the State of New York was in full force and effect.

27. That at all times mentioned herein, and on October 30, 2015, the Defendant was subject to the provisions of the Statute as cited herein above.

28. That on or about, October 30, 2015, the Defendant, SEAWOLF CONSTRUCTION CORP., was in violation of the Statute as cited as herein above.

29. That as a result of the statutory violation as cited herein above, the Plaintiff, EDGARD FEIJOO, was caused to sustain the injuries as set forth herein above.

30. That as a result of the foregoing the Plaintiff, EDGARD FEIJOO, has been damaged in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, EDGARD FEIJOO
## BASED UPON A THEORY OF STATUTORY LIABILITY

31. That the Plaintiff, EDGARD FEIJOO, repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "30" with the same force and effect as though each and every allegation were set forth more fully herein at length below.

32. That at all times mentioned herein, and on October 30, 2015, Section 240 of the Labor law of the State of New York was in full force and effect.

8

33.     That at all times mentioned herein, and on October 30, 2015, the Defendant was subject to the provisions of the Statute as cited herein above.

34.     That on or about, October 30, 2015, the Defendant, SEAWOLF CONSTRUCTION CORP., was in violation of the Statute as cited as herein above.

35.     That as a result of the statutory violation as cited herein above, the Plaintiff, EDGARD FEIJOO, was caused to sustain the injuries as set forth herein above.

36.     That as a result of the foregoing the Plaintiff, EDGARD FEIJOO, has been damaged in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, EDGARD FEIJOO BASED UPON A THEORY OF STATUTORY LIABILITY

37.     That the Plaintiff, EDGARD FEIJOO, repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "36" with the same force and effect as though each and every allegation were set forth more fully herein at length below.

38.     That at all times mentioned herein, and on October 30, 2015, Section 241 of the Labor law of the State of New York was in full force and effect.

39.     That at all times mentioned herein, and on October 30, 2015, the Defendant was subject to the provisions of the Statute as cited herein above.

40.     That on or about, October 30, 2015, the Defendant, SEAWOLF CONSTRUCTION CORP., was in violation of the Statute as cited as herein above.

41.     That as a result of the statutory violation as cited herein above, the Plaintiff, EDGARD FEIJOO, was caused to sustain the injuries as set forth herein above.

42. That as a result of the foregoing the Plaintiff, EDGARD FEIJOO, has been damaged in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction

**WHEREFORE**, Plaintiff demands judgment against the Defendant on the First, Second, Third and Fourth Causes of action in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Yours, etc.,

_____
Douglas A. Milch, Esq.
WINGATE, RUSSOTTI, SHAPIRO &
HALPERIN, LLP
Attorneys for Plaintiff; - Edgard Feijoo
420 Lexington Avenue, Suite 2750
New York, NY 10170
Tel. (212) 986-7353

## VERIFICATION BY ATTORNEY

Douglas A. Milch, an attorney duly admitted to practice before the Courts in the State of New York, hereby affirms, under the penalties of perjury, as follows:

1. That deponent is the attorney for the plaintiff in the action within; that deponent has read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

2. The reason that this verification is not made by plaintiff and is made by deponent is that plaintiff does not reside in the county where the attorneys for the plaintiffs have their office.

3. Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff.

_____
Douglas A. Milch, Esq.

Index No. 20300/2016E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

EDGARD FEIJOO,

                     Plaintiff,

- against -

SEAWOLF CONSTRUCTION CORP.,

                     Defendant.

---

**SUMMONS and VERIFIED COMPLAINT**

---

**WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP**
*Attorneys for Plaintiff(s)*
420 Lexington Avenue
Suite 2750
New York, New York 10170
(212) 986-7353
Facsimile (212) 953-4308

---

TO: